**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GENARO LOPEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1429 |
| | § | |
| SOVEREIGN BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case arises from the housing crisis.  It is one of the many disputes between homeowners seeking to stave off foreclosure and retain their home, and lenders seeking to enforce a mortgage contract in the face of default and delinquency.  The plaintiffs, Genaro and Mary Lopez, sued Sovereign Bank, N.A., Sovereign Bank, FSB, Bank of America, NA, and the Mortgage Electronic Registration System (together, the "defendants") in Texas state court on March 11, 2013.  (Docket Entry No. 1, Ex. B).  The plaintiffs' state-court petition asserted causes of action to quiet title, for fraud, and for equitable estoppel, and sought corresponding declaratory and injunctive relief.  The defendants timely removed based on federal diversity jurisdiction.  (Docket Entry No. 1).  The defendants then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 10), the plaintiffs responded, (Docket Entry No. 11), and the defendants replied, (Docket Entry No. 12).  The plaintiffs subsequently moved for partial summary judgment on their quiet-title claim and then sought leave to file an amended complaint to add additional claims.  (Docket Entries Nos. 19, 21).

Based on the pleadings, the motions and responses, the parties' submissions and arguments,

and the applicable law, the defendants' motion to dismiss, (Docket Entry No. 9), is granted, and the plaintiffs' claims to quiet title—except for the limitations bar—for fraudulent inducement, and for equitable estoppel, are dismissed with prejudice. The plaintiffs' motion for partial summary judgment, (Docket Entry No. 15), is denied on the basis of the present record. Sovereign Bank must advise the court in writing by April 15, 2014 whether it intends to seek foreclosure, whether it intends to do so under the July 31, 2002 Deed of Trust, and when it intends to do so. The plaintiffs' motion for leave to file an amended complaint, (Docket Entry No. 21), is denied with prejudice as to certain claims but without prejudice as to the proposed new claims and as to the proposed limitations defense to a foreclosure.

A status conference is set for **April 21, 2014, at 4:30 p.m.** in Courtroom 11–B. The parties will address the present status of the loan, the timeliness of a possible renewed foreclosure, whether it will be based on the 2002 Deed of Trust or a second deed of trust, and how that might affect pleading amendments.

The reasons for these rulings are explained below.

## I.    Background

On July 31, 2002, the plaintiffs obtained a mortgage loan from Countrywide Home Loans to purchase a home at 10311 Fountain Shores Drive, Houston, Texas 77065. They executed a $400,000 promissory note (the "Note"), secured by a deed of trust naming the Mortgage Electronic Registration System ("MERS") as Countrywide's nominee and stating that the Note covered Countrywide's successors and assigns. (First Amended Complaint ("FAC"), Docket Entry No. 9, Ex. A). The Note contained an optional acceleration clause. MERS assigned the Deed of Trust to Sovereign Bank, who recorded it in the Harris County public records on April 3, 2012. (FAC, Ex.

B).

In a letter dated August 3, 2009, the loan servicer informed the plaintiffs that they were in default on the Note and that the acceleration clause had been invoked.  (Docket Entry No. 15, Ex. D).  The plaintiffs do not dispute that they were in default.  Despite the default, the plaintiffs continued for a time to make payments, which the loan servicer applied to the loan balance under the mortgage agreement's terms.  (Docket Entry No. 19, Ex. A–1).  The plaintiffs stopped making any payments on September 14, 2011.  The defendants have not foreclosed on the home; the plaintiffs continue to live there.  (Docket Entry No. 19, Ex. A).

On March 11, 2013, the plaintiffs filed suit in state court.  The defendants timely removed on the basis of diversity jurisdiction.  The defendants moved for judgment on the pleadings, but withdrew their motion when the plaintiffs stated their intent to replead.  (Docket Entries Nos. 6, 8).  The plaintiffs filed their amended complaint, asserting claims to quiet title in their favor, for fraudulent inducement, and for equitable estoppel.  The plaintiffs contend that none of the defendants "hold a perfected and secured claim in the Property."  (FAC at ¶ 37).  To support this contention, the plaintiffs allege defects in the securitization process, including the following:

- the alleged splitting or separation of the Note from the Deed of Trust voided the subsequent assignment of the Deed of Trust to Sovereign Bank;

- the person who assigned the Deed of Trust to Sovereign Bank was not authorized to do so, or if the person was authorized, her purported signature was a forgery, making the assignment void; and

- the transfer or assignment of the Deed of Trust violated the applicable Pooling Servicing Agreement.

(FAC at ¶¶ at 20–26).  The plaintiffs sought corresponding injunctive and declaratory relief related to these causes of action.

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 10).  The plaintiffs responded, (Docket Entry No. 11), and the defendants replied, (Docket Entry No. 12).  While the motion to dismiss was pending, the plaintiffs moved for summary judgment on the quiet-title claim, contending that limitations barred the defendants from enforcing the "real-property lien and power of sale to enforce the lien."  (Docket Entry No. 15 at ¶ 13).  The defendants responded, (Docket Entry No. 19), the plaintiffs replied, (Docket Entry No. 20), and the defendants surreplied, (Docket Entry No. 22).  The plaintiffs then moved for leave to file an amended complaint to add additional claims.  (Docket Entry No. 21).  The proposed additional claims are based in part on a purported second deed of trust on which the defendants are allegedly preparing to foreclose.  (Docket Entry No. 21).

The arguments and responses are analyzed below.

## II.    The Applicable Legal Standards

### A.    Motions to Dismiss and For Leave to Amend

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b) (6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

4

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). The court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment. When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th

Cir. 1999))). *Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

### B.    Motions for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of

evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted).  "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).  In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

When the parties cross-move for summary judgment, the court must review "each motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 110 (5th Cir. 2010) (internal quotation marks and alteration omitted).  Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required

by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2).

### III.    Analysis.

#### A.    The Quiet-Title Claim

Under Texas law, "[a] suit to clear or quiet title—also known as suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). This equitable action "exists to 'enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 521 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (1886)). The elements of a quiet-title claim are "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Cruz v. CitiMortgage, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)).

"Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook–Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (omission in the original)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).

8

The plaintiffs have not alleged facts that, if proven, would show that their claim to the property is superior to the defendants' claim.  The plaintiffs have not claimed that they are current on their mortgage payments and not in default on the mortgage.  Such a showing is necessary for "recovery of title."  *Cook-Bell*, 868 F. Supp. 2d at 591.

Moreover, documents in the record establish the superiority of Sovereign Bank's title to the property.  The July 31, 2002 Deed of Trust the plaintiffs signed named MERS as beneficiary and nominee for "Lender and Lender's successors and assigns."  (Docket Entry No. 10, Ex. A at 1).  The Deed of Trust stated that "MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose and sell the Property."  (*Id.*, Ex. A at 3).  The Deed of Trust clearly states that a power of sale was among MERS's interests and rights in the property.  The record also contains the April 3, 2012 document assigning MERS's rights under the Deed of Trust to Sovereign Bank.  (Docket Entry No. 12, Ex. A).  This document shows that the assignment was recorded in the Harris County Property Records, which the plaintiffs do not dispute.[1]

The plaintiffs assert three bases for attacking the defendants' title.  First, the plaintiffs argue that defects in the securitization process made the assignment of the Deed of Trust from MERS to Sovereign Bank void because the Note and Deed of Trust were split.  Second, they argue that the assignment of the Deed of Trust from MERS to Sovereign Bank did not comply with the applicable

---

[1] The plaintiffs' response to the motion to dismiss the quiet-title claim mistakenly copied arguments and facts from a separate case in which counsel for the plaintiffs represented a different homeowner seeking to prevent a foreclosure.  (*Compare* Docket Entry No. 11 at 10 ("Here, Plaintiff has pled she took title from the original mortgagor Charles Stobbe on May 21, 2012 for valuable consideration.  Plaintiff has also pled that defendants' claims to ownership of the property are invalid due to a void and fraudulent assignment of the power of sale under the deed of trust.")), *with Davis v. Silver State Fin. Servs.*, Case No. 4:13-cv-1432 Docket Entry No. 8 at 10–11 (same)).

Pooling and Servicing Agreement's terms.  Third, they argue that the assignment to Sovereign Bank was void because Beverly Brooks—the person whose signature is on the document assigning the Deed of Trust from MERS to Sovereign Bank—was not authorized to assign the Deed of Trust to Sovereign Bank.  The Fifth Circuit and the great majority of district courts have analyzed and rejected each of these bases for the relief the plaintiffs seek.

The plaintiffs' argument that the assignment of the Deed of Trust to Sovereign Bank was void because the Note and the Deed of Trust were split is referred to as the "split-the-note" theory.  The Fifth Circuit explained that the premise of the "split-the-note" theory is "that a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null.  In order to foreclose, the theory of relief goes, a party must hold both the note and the deed of trust."  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013).

In *Martins v. BAC Home Loans Servicing*, the Fifth Circuit rejected this theory.  The court stated that under Texas law, if the foreclosing party is a mortgage servicer and the mortgage has been properly assigned, "[t]he party to foreclose need not possess the note itself."  722 F.3d at 255.  "The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."  *Id.*  Texas law distinguishes between enforcing the note and foreclosure.  Foreclosure is an independent action that enforces the deed of trust, not the underlying note.  Foreclosure may be conducted without a judicial proceeding. *Wells v. BAC Home Loans Serv., L.P.*, No. 10-ca-350, 2011 WL 2163987, at *2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (1942)).  By contrast, an action to enforce the note requires judicial action and oversight.  The Fifth Circuit noted that its rejection of the split-the-note theory was consistent with  the "weight of Texas authority."  *Martins*, 772 F.3d at 255.

10

For the reasons stated in *Martins*, which is binding on this court, the plaintiffs' contention that the assignment of the Deed of Trust from MERS to Sovereign Bank was invalid because the Note and Deed of Trust were split does not provide a basis for establishing that the plaintiffs had superior title to the property.

The plaintiffs assert that the assignment of the Deed of Trust to Sovereign violated the terms of the applicable Pooling and Servicing Agreement, and had an invalid signature, making the assignment void. Again, the Fifth Circuit has recently considered and rejected virtually identical arguments.

In *Reinagel v. Deustsche Bank National Trust Company*, 735 F.3d 220 (5th Cir. 2013), the plaintiff-borrowers sued to enjoin the foreclosure of their home. They asserted the same grounds for relief as the plaintiffs in this case. The *Reinagel* plaintiffs argued that MERS's assignment of the deed of trust was void because (1) the person who executed the assignment lacked authority to assign the deed of trust, (2) the signature on the assignment was invalid because it was "robosigned," and (3) the assignments of the deed of trust violated the terms of the applicable Pooling and Servicing Agreement, which required that the deed be transferred into a particular trust by a particular date. *Id*. at 224. The *Reinagel* defendants argued that the plaintiffs lacked standing to challenge the assignments. The Fifth Circuit noted initially that, under Texas law, an obligor such as a mortgagor "cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor." *Id*. at 225. Rather, an obligor can only defend on grounds rendering the assignment void. "Texas courts follow the majority rule that the obligor may defend on any ground that renders the assignment void." *Id*. (internal quotations and emphasis omitted)).

The Fifth Circuit held that the *Reinagel* plaintiffs' challenges were on grounds that would render the assignment voidable, but not void. *Id.* at 226–28. The Fifth Circuit rejected the argument that the purported unauthorized signature on the documents assigning the deed of trust made  the assignment void. The court noted that the Texas Supreme Court had "clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." *Id.* at 226 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)).

The Fifth Circuit also rejected the *Reinagel* plaintiffs' claim that the assignment was void because it was "robosigned" or scanned into the documents. The court called this argument a "red herring" because "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer." *Id.* at 227. The plaintiffs had not identified or provided evidence that the signature was scanned without authorization. *Id.*

The present case has the same deficiencies as *Reinagel*, and more. Here, the plaintiffs have not alleged facts, that if true, would show that Beverly Brooks—the person whose signature is on the document assigning the Deed of Trust from MERS to Sovereign Bank—lacked authority to do so. *See Davis v. Countrywide Home Loans, Inc.*, — F. Supp. 2d —, No. 13-cv-623, 2014 WL 838146, at *4 (S.D. Tex. Mar. 3, 2014) ("It is settled that . . . a deed [executed by a person fraudulently misrepresenting her agency] is valid and represents prima facie evidence of title until there has been a successful suit to set it aside . . . [which] can only be maintained by the defrauded [principal]." (quoting *Nobles*, 533 S.W.2d at 926–27)). And under *Reinagel*, even if the plaintiffs had pleaded or could plead and show that Brooks lacked such authority, the plaintiffs still lack standing to challenge

12

the assignment.  Nor have the plaintiffs alleged facts that would show that Brooks's "robosigned" signature was made without her authorization and was therefore a forgery.  *See Reinagel*, 735 F.3d at 227.

*Reinagel* also held that mortgage-borrower plaintiffs lack standing to challenge the assignment of a Deed of Trust on the basis that the transfer violated the terms of the applicable Pooling and Servicing Agreements.  The *Reinagel* plaintiffs argued that while the Pooling and Servicing Agreement stated that no mortgages could be transferred into it after October 1, 2006, their mortgage was transferred more than a year after that date.  *Id.* at 228.  The Fifth Circuit agreed that the mortgage transfer violated the Pooling and Servicing Agreement terms.  But the court held that this violation could not provide the *Reinagel* plaintiffs relief because they lacked standing to challenge the violation.  They lacked standing because they were neither parties to the Pooling and Servicing Agreement nor intended third-party beneficiaries.  *Id.*

Here, the plaintiffs' amended complaint does not allege why the Deed of Trust assignment violated the applicable Pooling and Servicing Agreement.  The complaint states that "the Deed of Trust . . . was not properly assigned and transferred in accordance with the PSA." (Docket Entry No. 9 at ¶ 21).  The complaint does not state what Pooling and Servicing Agreement terms are at issue or why the assignment violated them.  And, as the Fifth Circuit ruled in *Reinagel*, even if the plaintiffs had pleaded or could plead and show that the assignment violated the terms of the Pooling and Servicing Agreement, they would lack standing to assert a violation because they are not parties to, or intended beneficiaries of, the Agreement.  *See Reinagel*, 735 F.3d at 228.

The plaintiffs' response to the arguments that they lack standing to challenge the assignment is unpersuasive.  The plaintiffs rely on Judge's Graves's concurrence in *Reinagel*.  (*See* Docket Entry

No. 11 at 5 ("The concurring opinion in *Reinagel* is precisely what Plaintffs have alleged in this case.")).  The concurrence stated that Texas law supports the split-the-note theory; that the signature on the assignment is a "forgery" if it is acknowledged at a different time or place; and that homeowners have standing to challenge an assignment that violates the Pooling and Servicing Agreement.  *Reinagel*, 735 F.3d at 229–30 (Graves, J., concurring in the judgment only).  The plaintiffs' reliance on the concurrence in *Reinagel* is misplaced.  Judge Graves concurred in the judgment only.  The concurrence's reasoning is contrary to the reasoning the panel majority expressly relied on to reach its holding.  The binding authority in this Circuit requires this court to reject the plaintiffs' standing arguments.

After the defendants had moved to dismiss the plaintiffs' quiet-title claim, the plaintiffs moved for partial summary judgment on the basis that limitations would now bar the defendants from foreclosing on the property under the July 2002 Deed of Trust.  (Docket Entry No. 15).  The court has dismissed the plaintiffs' pleaded quiet-title claim.  Limitations is an affirmative defense to foreclosure.  *Cf. DTND Sierra Inves. LLC v. Bank of N.Y. Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 749 (W.D. Tex. 2013) (considering limitations as a defense to foreclosure); *Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (same).  The defendants have not foreclosed on the property.  It is unclear whether or when the defendants will seek to foreclose, and if they will do so under the Deed of Trust the plaintiffs executed on July 31, 2002 or under another deed of trust.

Sovereign Bank must advise the court in writing by April 15, 2014 whether it intends to seek foreclosure, when it intends to do so, and whether it intends to do so under the July 31, 2002 Deed of Trust.  The answers to those questions will provide a basis for the court to decide whether and on what terms to grant plaintiffs leave to amend to assert a limitations defense.

14

The defendants' motion to dismiss the quiet-title claim is granted, but without prejudice to possible amendment to assert limitations. The motion for partial summary judgment is denied on the basis of the present record.

### B.       Fraudulent Inducement

The plaintiffs also asserted a claim for fraudulent inducement, alleging that the defendants "intentionally misrepresented" that they "were entitled to exercise the power of sale provision contained in the Deed of Trust." (FAC at ¶ 40). The plaintiffs alleged that the defendants made these misrepresentations with the intent "to induce the Plaintiff[s] to acquiesce to the foreclosure on the Property by a party without authority or power to do so." (FAC at ¶ 42).

The elements of fraudulent inducement under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Fraudulent inducement also requires proof of an underlying contract that was induced by the fraudulent statement. *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

The plaintiffs have not pleaded facts, that if true, would establish the elements of a fraudulent inducement claim. They have not pointed to a specific factual representation by the defendants or identified the speaker. They have failed to meet Federal Rule of Civil Procedure 9(b)'s pleading standard. Nor have the plaintiffs alleged that they relied on a misrepresentation, that any such reliance was justified, or that they were injured as a result of justifiable reliance on a specific misrepresentation.

The fraud claim appears to be premised on the plaintiffs' contention that their claim to the

15

property is superior to the defendants' claim.  This is the same premise underlying the quiet-title claim as pleaded.  As noted in the discussion of the quiet-title claim, any limitations issue aside, Sovereign Bank may exercise the power-of-sale provision in the Deed of Trust, and a representation that Sovereign Bank had the authority under the Deed of Trust to foreclose would not be false.

The plaintiffs failed to state a claim for fraudulent inducement or fraud.  Future amendment would be futile.  The court will dismiss the fraudulent inducement claim with prejudice.

### C.     Equitable Estoppel

The plaintiffs also asserted a cause of action for equitable estoppel, alleging that some of the defendants made false representations about providing a loan modification.  (FAC at ¶¶ 46–54).  The amended complaint does not state who made the alleged misrepresentations, when they were made, or what was communicated.  The plaintiffs do not allege that the alleged representations were reduced to writing.  A mortgage servicer's or mortgagee's alleged promises of a loan modification do not give rise to an equitable estoppel or promissory estoppel claim unless there is an allegation or evidence that the servicer or mortgagee promised to reduce the oral representations into writing and failed to do so.  *Milton v. U.S. Bank Nat'l. Ass'n*, 508 F. App'x 326, 328–29 (5th Cir. 2013);  *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582–83 (W.D. Tex. 2012); *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553–54 (Tex. App.—Dallas 2009, pet. dism'd); *cf. Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) ("Under Texas law, promissory estoppel requires that the agreement that is the subject of the promise must comply with the statute of frauds.  That is, the agreement must be in writing at the time of the oral promise to sign it." (quotation omitted)).

The claim for equitable estoppel is barred by any failure to plead a promise to reduce the promise to writing.  Because the complaint has already been amended without curing the deficiency,

16

this claim is also dismissed with prejudice.

### D.    Declaratory and Injunctive Relief

The amended complaint also seeks declarations that the plaintiffs have superior title to and are entitled to exclusive possession of the property.  They seek injunctive relief enjoining the defendants from foreclosing or claiming title to the property.  These claims are "intertwined and dependent with plaintiff's wrongful foreclosure claim, which has already been dismissed, and [they] will therefore be dismissed as well."  *Davis*, — F. Supp. 2d —, 2014 WL 838146, at *6 (citing *Val–Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011) (per curiam) (explaining that "[o]nce the district court had dismissed the underlying [substantive] claims, there were no claims for which [it] could grant declaratory relief")).

## III.    The Motion for Leave to Amend

On December 13, 2014, the plaintiffs sought leave to file an amended complaint.  (Docket Entry No. 21).  The plaintiffs stated that a second deed of trust exists on the property and that the defendants are preparing to foreclose on the second deed.  (*Id.*, Ex. A).  The plaintiffs seek to add claims asserting that foreclosure on the second deed of trust would be  invalid.  The plaintiffs also seek to add causes of action with respect to the first deed of trust for (1) lack of standing to foreclose or wrongful attempted foreclosure, (2) violation of the Truth in Lending Act, (3) breach of contract, (4) intentional interference with a contractual relationship, and (5) violation of the Texas Debt Collection Act.  (Docket Entry No. 21 at ¶ 9).  The claims for lack of standing, breach of contract, and intentional interference with a contractual relationship are all premised on the incorrect contention that the assignments of the July 31, 2002 Deed of Trust were invalid and void.  These claims are insufficient under binding Fifth Circuit law, for the reasons explained above, and

amendment to add them would be futile.  Leave to amend to add these claims is denied.

The proposed added claims under the Truth in Lending Act and the Texas Debt Collection Act appear to assert new bases for relief.  Another new basis for relief is limitations as a bar to the 2002 Deed of Trust and the proposed added claim based on a second deed of trust.  At this time, the court denies without prejudice the plaintiffs' motion for leave to amend these added claims.  (Docket Entry No. 21).  The court will hold a status conference in which the parties will address the issues identified above — the defendants' intent to foreclose, the existence and role of a second deed of trust, and the plaintiffs' motion for leave to amend to add claims not previously asserted.

## IV.   Conclusion

The defendants' motion to dismiss, (Docket Entry No. 9), is granted.  The plaintiffs' claims to quiet title, for fraudulent inducement, and for equitable estoppel are dismissed, with prejudice.  The plaintiffs' motion for summary judgment, (Docket Entry No. 15), is denied on the present record.  Sovereign Bank must advise the court in writing by April 15, 2014 whether and when it intends to seek foreclosure, and whether it intends to do so under the July 31, 2002 Deed of Trust or under some other deed of trust.  The plaintiffs' motion for leave to file an amended complaint, (Docket Entry No. 21), is denied without prejudice at this time.

The status conference is set for **April 21, 2014, at 4:30 p.m.** in Courtroom 11–B.

SIGNED on March 31, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

18