IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENARO LOPEZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1429 |
| | § | |
| SOVEREIGN BANK, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is one of the many disputes between homeowners seeking to stave off a foreclosure and retain their homes, and lenders seeking to enforce a mortgage contract in the face of default and delinquency. The plaintiffs, Genaro and Mary Lopez, sued Sovereign Bank, N.A., Sovereign Bank, FSB, Bank of America, NA, and the Mortgage Electronic Registration System (together, the "defendants") in Texas state court on March 11, 2013. (Docket Entry No. 1, Ex. B). The plaintiffs' state-court petition asserted causes of action to quiet title, for fraud, and for equitable estoppel, and sought corresponding declaratory and injunctive relief. The defendants timely removed based on federal diversity jurisdiction. (Docket Entry No. 1). This court granted the defendants' motion to dismiss with prejudice as to the fraud and equitable estoppel claims, with prejudice to the quiet-title claim to the extent it rested on the plaintiffs' forgery allegations, and without prejudice as to the quiet-title claim insofar as it was based on a statute of limitations defense. (Docket Entry No. 26). This court also denied the plaintiffs' motion for partial summary judgment as to the limitations defense. (*Id.*).

The plaintiffs filed a second amended complaint seeking a declaratory judgment to quiet title

in their favor based on the limitations defense, alleging claims under the Truth in Lending Act ("TILA") and the Texas Debt Collection Act ("TDCA"), and asserting limitations as an affirmative defense. (Docket Entry No. 30). With the court's permission, the defendants filed a brief opposing the plaintiffs' assertion of limitations as a basis for declaratory relief or as an affirmative defense to foreclosure, (Docket Entry Nos. 31, 32), and the plaintiffs responded, (Docket Entry No. 34). This court converted the defendants' opposition into a motion for summary judgment, (Docket Entry No. 40), and gave the plaintiffs additional time to respond. The plaintiffs responded, (Docket Entry No. 43), and moved for reconsideration of this court's dismissal of their fraud claim, (Docket Entry No. 44). The defendants replied. (Docket Entry Nos. 45, 46).

Based on the pleadings, the motions and responses, the parties' submissions and arguments, and the applicable law, the defendants' converted motion for summary judgment on the plaintiffs' limitations-based defense to foreclosure, (Docket Entry Nos. 31, 32), is granted. The plaintiffs' claim for declaratory relief in the second amended complaint, which is based on limitations, (Docket Entry No. 30, at 8), is dismissed with prejudice. The plaintiffs' motion for reconsideration on the dismissal of their forgery allegations, (Docket Entry No. 44), is denied. The claims asserted in plaintiffs' second amended complaint for violations of the Truth in Lending Act and the Texas Debt Collection Act, (Docket Entry No. 30, at 9-11), remain. By **January 16, 2015,** the parties must file their joint pretrial order. Docket call is set for **2:00 p.m. on January 23, 2015, at 515 Rusk Street, Houston, Texas, 77002, Courtroom 11-B.**

The reasons for these rulings are explained below.

I.  **Background**

On July 31, 2002, the plaintiffs obtained a mortgage loan from Countrywide Home Loans

2

to purchase a home at 10311 Fountain Shores Drive, Houston, Texas 77065. They executed a $400,000 promissory note (the "Note"), secured by a deed of trust naming the Mortgage Electronic Registration System ("MERS") as Countrywide's nominee and stating that the Note covered Countrywide's successors and assigns. (First Amended Complaint ("FAC"), Docket Entry No. 9, Ex. A). The Note contained an optional acceleration clause. MERS assigned the Deed of Trust to Sovereign Bank, who recorded it in the Harris County public records on April 3, 2012. (FAC, Ex. B).

In a letter dated August 3, 2009, the loan servicer informed the plaintiffs that they were in default on the Note and that the acceleration clause had been invoked. (Docket Entry No. 15, Ex. D). The plaintiffs do not dispute that they were in default. They quickly sought and received a Reinstatement Calculation reflecting the amount they needed to pay by August 21, 2009 to reinstate the debt—$27,454.98 in late payments, plus $48.95 in fees. (Docket Entry No. 32-2 at 3). On August 21, 2009, the plaintiffs paid this amount to the defendants. (Docket Entry Nos. 19-2 at 11-12; 32-2). After that, the plaintiffs continued for a time to make payments, which the loan servicer applied to the loan balance under the mortgage agreement's terms. (Docket Entry No. 19-2 at 12-14; 32-2). In November 2009, the bank refunded the plaintiffs the $48.95 in fees. The plaintiffs continued making payments until September 14, 2011. The defendants have not foreclosed on the home; the plaintiffs continue to live there. (Docket Entry No. 19-1, at 3).

On March 11, 2013, the plaintiffs filed suit in state court. The defendants timely removed. In their amended complaint, the plaintiffs asserted claims to quiet title in their favor, for fraudulent inducement, and for equitable estoppel. (Docket Entry No. 9). The defendants moved to dismiss, (Docket Entry No. 10), and the plaintiffs sought partial summary judgment on their quiet-title claim,

arguing that the statute of limitations barred the defendants from foreclosing on their home, (Docket Entry No. 15). On March 31, 2014, the court granted the defendants' motion to dismiss the fraudulent inducement and equitable estoppel claims with prejudice. The court dismissed the quiet-title claim "without prejudice to possible amendment to assert limitations" but with prejudice to the plaintiffs' forgery allegations. (Docket Entry No. 26, at 14-15). The court denied the plaintiffs' motion for partial summary judgment "on the basis of the present record" because the defendants had not yet indicated that they would foreclose. (*Id.*). The court ordered the defendants to notify the court if they intended to do so.

On April 15, 2014, the defendants confirmed that they "will foreclose on the property after the Court makes a determination as to the application of the statute of limitations to Defendants' ability to foreclose under the July 31, 2002 Deed of Trust." (Docket Entry No. 28 at 1). The plaintiffs filed a second amended complaint seeking a declaratory judgment that the defendants are barred by the statute of limitations from "foreclos[ing] on the Property under the Note and Deed of Trust" because they accelerated the loan in August 2009 and it was never reinstated. (Docket Entry No. 30 at 8 ¶ 24). The court granted the parties leave to provide further briefing on whether limitations bars foreclosure. The defendants filed a brief opposing the plaintiffs' assertion of the statute of limitations, asking this court to deny the plaintiffs leave to amend or to dismiss their claim for a declaratory judgment on limitations. (Docket Entry Nos. 31, 32). The plaintiffs responded. (Docket Entry No. 34).

On November 10, 2014, this court converted the defendants' submissions into a motion for summary judgment because they relied on evidence outside the pleadings, notified the parties, and gave the plaintiffs fourteen days to respond. (Docket Entry No. 40); *see Brand Coupon Network,*

4

*LLC v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (observing that district courts must convert a "motion to dismiss into a motion for summary judgment" when "consider[ing] evidence outside the pleadings—and not referred to therein"). Roughly one month later, on December 9, 2014, after receiving an extension, the plaintiffs filed a response. (Docket Entry No. 43). They also moved for reconsideration of this court's dismissal of their quiet-title claim to the extent it rested on forgery allegations. (Docket Entry No. 44). The defendants replied. (Docket Entry Nos. 45, 46).

The arguments and responses are analyzed below.

## II. The Legal Standard for Summary Judgment

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine [dispute] of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden,

the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III. Analysis

### A. Limitations

In Texas, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). Section 16.035(e) provides some guidance on the accrual date, stating that, for notes payable in installments and secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). Under long-established Texas law, however, "[i]f a note or deed of trust secured by real property contains an optional acceleration clause, default does not *ipso facto* start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d

562, 566 (Tex. 2001) (citing *Hammann v. H.J. McMullen & Co.*, 62 S.W.2d 59, 61 (Tex. 1933)).

"Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting available remedies." *Holy Cross*, 44 S.W.3d at 566–67 (citing *San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901) (explaining that the parties' agreement or actions can "have the effect of obviating the default and restoring the contract to its original condition as if it had not been broken")). "Texas courts and courts in this Circuit have held that 'the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions.'" *Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769, at *4 (S.D. Tex. Aug. 19, 2014) (quoting *Khan*, 371 S.W.3d at 356).

The defendants have notified the court that they intend to foreclose on the property based on the July 31, 2002 Deed of Trust. In the second amended complaint, the plaintiffs seek declaratory judgment barring foreclosure based on Texas's four-year statute of limitations for real property actions. *See DTND Sierra Inves. LLC v. Bank of N.Y. Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 749 (W.D. Tex. 2013) (considering limitations as a defense to foreclosure); *Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (same). The parties agree that the defendants exercised their option to accelerate the debt on August 3, 2009. (Docket Entry No. 31 at 5). They dispute whether subsequent events reinstated the debt and restarted the limitations period.

The defendants argue that the court should dismiss the plaintiffs' claim for declaratory judgment based upon the statute of limitations because the "Plaintiffs completely reinstated their loan under a specific provision of the Deed of Trust, which effectively negated acceleration." (Docket Entry No. 31 at 6).

Paragraph 19 of the Deed of Trust, entitled "Borrower's Right to Reinstate After Acceleration," provides that the Deed and the "obligations secured hereby shall remain fully effective as if no acceleration had occurred" if the borrower meets certain conditions, including "pay[ing] Lender all sums which then would be due under [the Deed] and the Note as if no acceleration had occurred." (Docket Entry No. 15, Ex. B at 19, ¶ 19). Shortly after receiving the defendants' notice of acceleration in early August 2009, the plaintiffs asked for and received the Reinstatement Calculation and paid the entire Net Total Due—$27,503.93, comprising both $27,454.98 in late payments and $48.95 in fees—by August 21, 2009. (Docket Entry Nos. 19-2; 31-1; 31-2; 32-1; 32-2; 33-3; 34 at 6). Their debt was reinstated in accordance with Section 19 of the Deed of Trust, and the statute of limitations stopped running. The four-year statute of limitations on any foreclosure action has therefore not expired.

None of the plaintiffs' arguments to the contrary requires a different result. The plaintiffs contend that the defendants' reliance on the Deed of Trust (as opposed to common law abandonment) and the loan history computer records is untimely because the defendants neglected to advance either the argument or evidence during the earlier summary judgment briefing. (Docket Entry No. 34 at 3-5). But the plaintiffs themselves raised these arguments in their original summary judgment reply when they contended that the Deed of Trust "contract in this case" (rather than common law) "provides the conditions under which acceleration will be waived" and relied on sections 12 and 19. (Docket Entry No. 20 at 2). Nothing precluded the defendants from pursuing this argument after the court granted the parties leave to further brief the limitations issue and the plaintiffs filed their second amended complaint. The plaintiffs had an opportunity to respond when this court converted the defendants' motion to summary judgment. (Docket Entry Nos. 40; 43).

For similar reasons, the defendants' additional loan history evidence is also timely. It was responsive to the argument of reinstatement by contract under the Deed of Trust that the plaintiffs raised in their original summary judgment reply. (Docket Entry No. 20 at 1-4). In its March 31, 2014 Memorandum and Opinion, the court denied the plaintiffs' motion for partial summary judgment "on the basis of the present record," (Docket Entry No. 26). The parties could, and did, submit additional evidence on the limitations issue. The plaintiffs have since had the opportunity to submit evidence of their own in response to the defendants' converted motion. (Docket Entry Nos. 34, 40). *Cf. Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745-46 (E.D. La. 2012) ("[A] court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond." (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)).

The plaintiffs also contend that the loan history computer records contain hearsay and lack adequate foundation for admission under the business records exception because they were not verified against hard copy records. (Docket Entry No. 20). But "[t]here is no requirement . . . that the witness laying the foundation be the one who entered the data into the computer or be able to attest personally to its accuracy." *United States v. Hutson*, 821 F.2d 1015, 1020 (5th Cir. 1987). Rather, "[c]omputer records are admissible if the requirements of Rule 803(6) have been met." *Id.* at 1019. The defendants have submitted declarations from Jessica L. Eisenhuth and Shalini Parker, both Operations Team Managers for Bank of America at the relevant times to this suit, in which they attested to their "access to the books and records of [the bank] pertaining to the mortgages at issue in this matter." (Docket Entry Nos. 19-1 at 2-3; 32-1 at 2-3). Both declarants swear that the records

9

were "(a) made at or near the time of the occurrence for the matter recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of practice of Bank of America's regularly conducted business activities; and (c) it is the regular practice of Bank of America to make such records." (Docket Entry Nos. 19-1 at 2-3; 32-1 at 2-3). These declarations satisfy Rule 803(6). *See FDIC v. Key Fin. Servs., Inc.*, 1999 WL 34866812, at *10 (D. Mass. 1999) (admitting loan history records under Rule 803(6) because "the FDIC has produced affidavits from qualified witnesses that demonstrate that the underlying loan histories were kept in the course of Knutson's regularly conducted business activities, that it is the regular practice of Knutson to make these histories, and thus they were made at or near the time of the loan activities they document"). The plaintiffs' loan history records are properly before the court.

The plaintiffs argue that even if the defendant properly raised the Deed of Trust and the court properly considers the payment evidence, the plaintiffs did not reinstate their loans because the defendants returned $48.95 to them in November 2009—nearly three months after the plaintiffs paid the entire amount specified in the Reinstatement Calculation by the reinstatement deadline—instead of applying it to the loan. (Docket Entry No. 43, at 5). The record does not support this argument. On August 21, 2009, the plaintiffs paid $27,454.98, the total amount "which would then be due" under the Deed of Trust and the Note "as if no acceleration had occurred," (Docket Entry No. 15-2 at 9, ¶ 19), and $48.95 in fees. At that point, the debt was fully reinstated under the terms of the Deed of Trust, and the "obligations secured [by the Deed of Trust and the Note] remain[ed] fully effective as if no acceleration had occurred." (*Id.*). The fact that, two months and some payments

10

later, the defendants returned those additional $48.95 in fees (which would not have been due if "no acceleration had occurred") neither revoked the August reinstatement nor started the acceleration anew.

The plaintiffs have submitted affidavits stating that they "took [Bank of America's] act of returning $48.95 to mean that [the bank] did not consider the loan reinstated by the payments made on August 21, 2009, and that [the bank] reserved the right under the Deed of Trust to foreclose without re-accelerating the Note." (Docket Entry Nos. 43-1, at 2; 43-2, at 2). But the parties' conduct demonstrates that they did in fact consider the acceleration rescinded under the terms of the Deed of Trust because of the plaintiffs' August 21 payment. *See Nungesser v. LTF Club Operations Co.*, No. CIV.A. H-12-2602, 2014 WL 345678, at *4 (S.D. Tex. Jan. 30, 2014) ("A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary."). On November 6, 2009, the same day the bank returned the $48.95 in fees under a "Misc. Posting," (Docket Entry No. 19-2 at 12), the bank sent the plaintiffs a notice warning that their "loan payment for the current month [October-November] has not been received" and informing them that "the total due on your loan is $3,893.26, which includes the payment due on November 01, 2009." (Docket Entry No. 32-3 at 2). This amount due—slightly more than a monthly payment—was far less than the loan's remaining balance. *See Leonard*, 2014 WL 4161769, at *5 ("The account statements from Ocwen, Deutsche Bank's new loan servicer, stated expressly on three occasions that sums far less than the full debt were due, and thus put Plaintiffs on notice that Deutsche Bank and Saxon were no longer seeking to collect the full balance of the Note."). The plaintiffs paid the amount due and continued making regular payments until

September 2011. (Docket Entry No. 19-2, at 12-14). Because the November letter "gave clear notice to Plaintiffs that only a portion of the outstanding debt was due," *Leonard*, 2014 WL 4161769, at *5, and the plaintiffs continued making regular payments until September 2011, the parties clearly considered the acceleration rescinded under the Deed of Trust's plain terms.[1]

The four-year statute of limitations does not bar foreclosure. The defendants' converted motion for summary judgment as to this affirmative defense, (Docket Entry Nos. 31, 32), is granted.

## B. The Plaintiffs' Motion for Reconsideration

The plaintiffs moved for reconsideration of this court's dismissal with prejudice of their forgery allegations in their quiet-title claim. (Docket Entry No. 44). The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (stating that "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration"). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of an order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order. *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. 07-cv-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A court may consider a reasonably prompt motion to reconsider an interlocutory

---

[1] The plaintiffs also argue that the defendants should be "estopped from arguing that acceptance of the reinstatement amount on August 21, 2008 [sic] abandoned acceleration under section 19 of the Deed of Trust" because they "breached the Deed of Trust" by returning the $48.95 in fees rather than applying it to principal, and "a party cannot complain of a breach or seek relief under a contract when the party itself has also breached." (Docket Entry No. 43, at 8 (citing *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-cv-02085, 2012 WL 568755, at *6 (S.D. Tex. Feb. 21, 2012)). Putting aside the fact that the defendants could waive the $48.95 in fees like they did several other fees associated with the early August default, (Docket Entry No. 32-2, at 3), any breach due to the failure to apply these fees to principal was not material.

order. *Id.*; *Martinez v. Bohls Equipment Co.*, No. 04-ca-0120, 2005 WL 1712214, *1 (W.D. Tex. July 18, 2005). A motion to reconsider may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (2d ed. 1995) (footnotes omitted).

The plaintiffs argue that, contrary to this court's conclusion, (Docket Entry No. 26, at 11-12), their forgery allegations are distinct from those rejected in *Reinegal v. Deutsche Bank National Trust Company*, 735 F.3d 220 (5th Cir. 2013). In *Reinegal*, the plaintiffs alleged that the assignment of their mortgage and note was void (rather than voidable) "as a 'forgery'" because the corporate officer in question had testified that "his signature was scanned onto documents and then notarized as an original." *Id.* at 227. The panel majority rejected this argument as a "red herring" because "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer, and the Reinagels [did] not allege that [the officer's] signature was scanned onto the document without his authorization." *Id.* (footnote omitted). Because the *Reinegal* plaintiffs' other challenges were on grounds that would make the assignment voidable, not void, the Fifth Circuit concluded that the plaintiffs lacked standing to challenge the assignment. *See id.* at 226 (observing that under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal," and "the obligors of a claim . . . may not defend [against an assignee's effort to enforce the obligation] on any ground which renders the assignment voidable only" (quotation and citation omitted)).

13

The Lopezes contend that, unlike the plaintiffs in *Reinegel*, they alleged that Beverly Brooks's signature was forged without her authorization (rather than without the corporation's authorization), making the assignment void (not voidable), and giving the plaintiffs standing to challenge it. *See Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 947 (Tex. App. 1993) ("A forged deed is void ab initio."); *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) ("Forgery is the making without authority of a false instrument in writing, purporting to be the act of another. . . ." (quotation omitted)).

Regardless of whether *Reinegel* is distinguishable on these grounds, the plaintiffs' conclusory allegations do not satisfy Rule 9(b)'s requirement to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies to a claim in which fraud is alleged even if it is not an element of that claim. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Rule 9(b) applies to the plaintiffs' forgery claims. The plaintiffs have not met Rule 9(b)'s heightened pleading standard because their fraud allegations are general and conclusory and do not identify the "who, what, when, where, and how" as the rule requires. *See Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing Fed. R. Civ. P. 9(b)). The plaintiffs allege that "the signature on the assignment was not actually that of Beverly Brooks as it does not match up with the signature the Plaintiff has found on other documents purportedly signed by Beverly Brooks," (Docket Entry No. 44, at 4 (quoting (Docket Entry No. 21-1 ¶ 44)), and cite to an exhibit with Brooks's handwritten signature on two documents and what appears to be her electronic signature on the Lopezes' Deed of Trust. (Docket Entry No. 21-12). These documents, which show slight deviations in Brooks's signature and say

14

nothing about whether she signed the documents or authorized another to "robosign" them for her, do not themselves satisfy Rule 9(b)'s pleading requirement, and the plaintiffs fail to provide any additional information about the who, what, where, when, and how of the alleged forgeries.[2] The plaintiffs fail to demonstrate why this court should reconsider its prior dismissal of their forgery allegations.[3] Their motion for reconsideration, (Docket Entry No. 44), is denied.

## IV. Conclusion

The defendants' converted motion for summary judgment on the plaintiffs' limitations-based defense to foreclosure, (Docket Entry Nos. 31, 32), is granted. The plaintiffs' claim for declaratory relief in the second amended complaint, which is based on limitations, (Docket Entry No. 30, at 8), is dismissed with prejudice. The plaintiffs' motion for reconsideration on the dismissal of their forgery allegations, (Docket Entry No. 44), is denied. The claims asserted in plaintiffs' second amended complaint for violations of the Truth in Lending Act and the Texas Debt Collection Act, (Docket Entry No. 30, at 9-11), remain.

By **January 16, 2015**, the parties must file their joint pretrial order. Docket call is set for **2:00 p.m. on January 23, 2015, at 515 Rusk Street, Houston, Texas, 77002, Courtroom 11-B.**

---

[2] Perhaps recognizing this shortcoming, the plaintiffs try to circumvent Rule 9(b)'s heightened standard by arguing that the standard should be relaxed because the "facts in question are peculiarly within" the defendants' knowledge. (Docket Entry No. 44, at 11). But the plaintiffs have alleged no facts to support this argument or sought a continuance to conduct specific discovery targeted to cure this deficiency.

[3] For similar reasons, the plaintiffs' reliance on *Vazquez v. Deutsche Bank Nat'l Trust Co., N.A.*, 2014 WL 3672892 (Tex. App. July 24, 2014), is unavailing. (Docket Entry Nos. 37, 37-1). That case applied Texas's "notice pleading" standard, *id.* at *15, not the heightened pleading requirements under the Federal Rules of Civil Procedure.

SIGNED on December 31, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge