IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENARO LOPEZ, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-1429 |
| SOVEREIGN BANK, N.A., *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

**I.   Background**

This case is one of the many disputes between homeowners seeking to stave off foreclosure and retain their homes, and lenders seeking to enforce a mortgage contract in the face of default and delinquency. The plaintiffs, Genaro and Mary Lopez, sued Sovereign Bank, N.A., Sovereign Bank, FSB, the Bank of America, NA, and the Mortgage Electronic Registration System (together, the defendants) in Texas state court on March 11, 2013. (Docket Entry No. 1, Ex. B). The plaintiffs' state-court petition asserted causes of action to quiet title, for fraud, and for equitable estoppel, and sought corresponding declaratory and injunctive relief. The defendants timely removed based on federal diversity jurisdiction. (Docket Entry No. 1). This court granted the defendants' motion to dismiss the fraud and equitable estoppel claims with prejudice and to dismiss the quiet-title claim with prejudice to the extent it rested on forgery allegations and without prejudice to the extent it was based the argument that the statute of limitations barred the defendants from foreclosing on the property. (Docket Entry No. 26).

The plaintiffs filed a second amended complaint seeking a declaratory judgment that the

1

statute of limitations barred the defendants from foreclosing on the property and that they were entitled to judgment on their quiet-title claim. The plaintiffs also added claims under the Truth in Lending Act ("TILA") and the Texas Debt Collection Act ("TDCA"), and asserted limitations as a defense to the defendants' efforts to foreclose. (Docket Entry No. 30). After converting the defendants' opposition into a motion for summary judgment and giving the plaintiffs time to respond, the court granted summary judgment in the defendants' favor on the plaintiffs' limitations defense to foreclosure, dismissed the plaintiffs' claim for declaratory relief based on the same limitations argument, and denied the plaintiffs' motion for reconsideration. (Docket Entry No. 47). The court did not rule on the plaintiffs' TILA and TDCA claims. The plaintiffs voluntarily withdrew their TILA claim as time-barred. (Docket Entry No. 48, ¶ 9). The defendants then moved for judgment on the pleadings on the TDCA claim, arguing that it fails as a matter of law. (Docket Entry No. 50). The plaintiffs responded, and the defendants replied. (Docket Entry Nos. 51, 52). This memorandum and opinion addresses the defendants' motion for judgment on the pleadings on the TDCA claim. Based on the pleadings, the motions and responses, the parties' arguments, and the applicable law, the court grants the defendants' motion for judgment on the pleadings. (Docket Entry No. 50). Final judgment is entered by separate order. The reasons are stated below.

## II.   The Applicable Legal Standards

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Rule 12(c) and Rule 12(b)(6) standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule

12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, *see Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *See, e.g., Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357, at 509–10 (3d ed. 2004) (stating that "matters incorporated by reference or integral to the claim [and] items appearing in the record of the case . . . may be considered by the district judge without converting the [Rule 12(b)(6)] motion into one for summary judgment"). Because the standards for Rule 12(c) and Rule 12(b)(6) are the same, a court may consider the same kinds of documents in a Rule 12(c) motion that it could consider in a Rule 12(b)(6) motion.

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b) applies to all averments of fraud, including those in which fraud is not an element of the claim. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

The Texas Debt Collection Act prohibits debt collectors from engaging in various practices, including threatening to take actions prohibited by law and making fraudulent, deceptive, or misleading representations. *See* TEX. FIN. CODE § 392.301(a)(4), (8); 392.304(a)(14), (19). For a statement to be a misrepresentation under the TDCA, a defendant must have made a false or misleading assertion. *Reynolds v. Sw. Bell Tel., L.P.*, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth June 29, 2006, pet. denied). A collection notice or balance statement misstating the amount owed on a debt constitutes a misleading assertion regarding the amount of that debt under the TDCA. *See Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 475 (S.D. Tex. 2012); *Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *7 (N.D. Tex. June 24, 2009); *see also Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *5, n. 6 (N.D. Tex. Sept. 7, 2010).

### III. Analysis

The plaintiffs allege that the defendants violated §§ 392.301(a)(4), (a)(8), 392.304(a)(14), and (a)(19) of the TDCA by threatening "to take action to foreclose on the property without properly considering Plaintiff under the [Home Affordable Modification Program ("HAMP")] or another alternative action to cure"; by "misrepresenting the status or nature of the services rendered" in violation of the HAMP guidelines; and by "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer" in violation of the HAMP guidelines.

(Docket Entry No. 30, ¶¶ 37-39). The plaintiffs also allege that, apart from HAMP violations, the defendants violated the TDCA by threatening to foreclose without being the "holder of the note" secured by the First Deed of Trust and by misleading the plaintiffs "into believing their modification application would be determined by [Bank of America] and not some faceless non-contracting third-party 'investor.'" (*Id.* ¶¶ 40-41).

### A. The HAMP-Related Allegations

The second amended complaint does not allege a colorable claim under §§ 392.301(a)(4), (a)(8), 392.304(a)(14), or (a)(19) for the alleged HAMP violations. Section 392.301(a)(8) states that a debt collector "may not use threats, coercion, or attempts to coerce that . . . threaten[] to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). The TDCA does not prevent a debt collector like the Bank of America from conducting a nonjudicial foreclosure under a deed of trust. *Carrillo v. Bank of Am., N.A.*, No. 12-cv-3096, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013). The TDCA states that it "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE. § 392.301(b)(3). In Texas, § 51.002 of the Texas Property Code authorizes nonjudicial foreclosure proceedings.

The plaintiffs argue that Sovereign and the Bank of America nonetheless violated this subsection when they threatened to foreclose without properly certifying under the HAMP Handbook that all options to avoid foreclosure and mitigate losses had been considered and exhausted. But there is no private right of action under HAMP. The law is clear that a TDCA claim cannot be based on alleged HAMP violations. *See Pennington v. HSBC Bank USA, N.A.*, 493 Fed. App'x 548, 551

(5th Cir. 2012); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n. 4 (7th Cir. 2012) ("Courts have uniformly rejected these claims because HAMP does not create a private federal right of action for borrowers against servicers."); *Webb v. Wells Fargo Bank, N.A.*, No. H-12-0805, 2013 WL 145042, at *5 (S.D. Tex. Jan. 11, 2013) ("Failure to consider HAMP . . . options therefore would not have rendered a foreclosure action illegal."); *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-03519, 2012 WL 1059043, at *7 (S.D. Tex. March 28, 2012) (dismissing a borrower's claim under the TDCA, based on a violation of HAMP, because the law does not prohibit foreclosing on a borrower's home after a loan default); *Cade v. BAC Home Loans Servicing, LP*, No. H-10-4224, 2011 WL 2470733, at *5 (S.D. Tex. June 20, 2011) ("Foreclosure in the meantime, while possibly a violation of HAMP guidelines, does not give rise to a cause of action in the borrower.").

The plaintiffs' asserted claims for violations of §§ 392.301(a)(4) and 392.304(a)(14) & (19) also fail as a matter of law. Section 392.301(a)(4) prohibits a debt collector from "threatening to sell or assign to another the obligation of the consumer and falsely representing that the result of the sale or assignment would be that the consumer would lose a defense to the consumer debt or would be subject to illegal collection attempts." TEX. FIN. CODE § 392.301(a)(4). Section 392.304(a)(14) prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector." TEX. FIN. CODE. § 392.304(a)(14). Section 392.304(a)(19) prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19). Construing their pleading generously, the plaintiffs alleged that Sovereign and the Bank of America violated the TDCA by failing to offer them a loan modification or certify that they had exhausted all non-foreclosure

options under HAMP guidelines. The allegations are conclusory, lacking in specific facts, and insufficient to plead a plausible claim. *See, e.g., Franklin v. BAC Home Loans Servicing, L.P.*, No. 10-cv-1174, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCPA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."); *Brinson v. Univ. Am. Mortgage Co.*, No. 13-cv-463, 2014 WL 4354451, at *7 (S.D. Tex. Sept. 2, 2014) (same).[1] Their TDCPA claim is also untenable because it cannot be based on alleged violations of the HAMP guidelines. *See, e.g., Cruz v. CitiMortgage, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *6 (N.D. Tex. May 21, 2012) ("The vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent HAMP modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers."); *Easley v. Federal Nat. Mortg. Ass'n*, No. 10-cv-3734, 2011 WL 6002644, at * 5 (S.D. Tex. Nov. 30, 2011) (stating that "there is no private cause of action under HAMP" and collecting cases). The law is clear that the plaintiffs may not bootstrap alleged HAMP violations into a TCDPA claim. *See Machleit v. Bank of Am., N.A.*, No. 12-cv-1942, 2012 WL 6840539, at *6 (S.D. Tex. Dec. 12, 2012), *report and recommendation adopted*, No. 12-cv-942, 2013 WL 140610 (S.D. Tex. Jan. 10, 2013) ("Regardless of the characterization of his claim as one under Texas' Debt Collection Act, [the] failure to follow

---

[1] Unlike in *Miller v. BAC Home Loans*, 726 F.3d 717, 723-24 (5th Cir. 2013), the plaintiffs did not allege that the defendants told them that the scheduled foreclosure would not occur. Nor did they allege that the defendants told them not to make any payments or to delay in curing the default. The plaintiffs have failed to allege factual information about any commitment to consider her for a loan modification, although they would have known such information when they filed the second amended complaint. *Miller* does not support the plaintiffs' argument that they have stated a claim under the TDCA.

7

HAMP or HAFA guidelines [does not] provide[] [the debtor] with a private cause of action."); *Brooks v. Ocwen Loan Servicing, LLC*, No. 12-cv-1410, 2012 WL 3069937, at *6 (S.D. Tex. July 27, 2012).

The plaintiffs' HAMP-related allegations fail to state a claim under the TDCA. Judgment on the pleadings is granted as to that claim.

### B. The Allegations about the "Holder of the Note"

The plaintiffs argue that Sovereign and the Bank of America violated the TDCA when they threatened to foreclose without showing that they were the "holders of the note." (Docket Entry No. 30, ¶ 40). It is well established that the mortgagee of record or the mortgage servicer need not hold the Note to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("The party to foreclose need not possess the note itself.").

The plaintiffs argue that there is a genuine factual dispute material to determining whether the defendants "are truly mortgagees with standing to foreclose." (Docket Entry No. 51, at 6). But the evidence the plaintiffs attached to their pleadings shows that the defendants are the mortgagees of record. (Docket Entry No. 30, Ex. J, Assignment of Deed of Trust). The defendants did not "threaten to take action prohibited by law" by conveying their intent to foreclose on the plaintiffs' property when they had a legal right to do so as the mortgagees of record. *Cf. Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 (N.D. Tex. 2011) (holding that the plaintiffs' complaint stated a claim under the TDCA based on allegations that "BAC and its purported substitute trustees threatened to foreclose at a time when BAC did not have the legal right to demand foreclosure").

The plaintiffs' "holder of the note" allegations fail to state a claim under the TDCA.

### C. The Allegations of a Third-Party Modification Misrepresentation

The plaintiffs argue that Sovereign and the Bank of America violated the TDCA by "misleading the Lopezes into believing their modification application would be determined by [Bank of America] and not [REMIC MBS Trust Investors,] some faceless non-contracting, third-party 'investor.'" (Docket Entry No. 51). They cite *Guajardo v. JP Morgan Chase Bank, N.A.*, No. 13-51025, — F. App'x —, 2015 WL 1020723 (5th Cir. Mar. 10, 2015), to support their argument. That case does not help the plaintiffs' arguments. *Guajardo* did not address the TDCA, but rather equitable estoppel. The Fifth Circuit stated that the allegation that a mortgage servicer promised "not only that it would consider [the] Plaintiffs' application, but that 'there would be no non-judicial foreclosure until the loan modification process was completed and they were given a response and answer'" was "sufficiently definite to support a plausible claim for promissory estoppel." *Id.* at *6. In this case, by contrast, the plaintiffs do not allege that the defendants made an affirmative statement, that was false, and on which they reasonably relied to their detriment. Nor do the plaintiffs allege any affirmative false statement in connection with the collection of a debt. *See Singha v. BAC Home Loans, Servicing, L.P.*, 564 F. App'x 65, 71 (5th Cir. 2014) (holding that "allegations of what occurred during the course of what they describe as more than fifty phone calls and other contacts during a protracted loan modification process" were "communications in connection with negotiating the modification of a debt," not communications in connection with *collection* of a debt" (emphasis original)).

The plaintiffs' allegations that a third-party servicer assessed their loan modification

application fail to state a claim under the TDCA.

## IV.   Conclusion

The defendants' motion for judgment on the pleadings, (Docket Entry No. 50), is granted. The plaintiffs' TDCA is dismissed, with prejudice, because further amendment would be futile. Because no claims remain, final judgment is entered by separate order.

SIGNED on April 17, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge