IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENARO LOPEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1429 |
| | § | |
| SOVEREIGN BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL**

The plaintiffs, Genaro and Mary Lopez, move for a new trial under Federal Rule of Civil Procedure 59(e). (Docket Entry No. 55). The defendants responded. (Docket Entry No. 58). For the reasons that follow, the motion is denied.

**I.     Background**

The Lopezes sued Sovereign Bank, N.A., Sovereign Bank, FSB, the Bank of America, NA, and the Mortgage Electronic Registration System ("MERS") in Texas state court after defaulting on their mortgage loan. Their petition alleged causes of action to quiet title, for fraud, and for equitable estoppel, and sought corresponding declaratory and injunctive relief. After the defendants timely removed based on federal diversity jurisdiction and moved to dismiss, the court entered an order that: (1) dismissed the fraud and equitable estoppel claims with prejudice; and (2) dismissed the quiet-title claim with prejudice to the extent it rested on forgery allegations and without prejudice to the extent it rested on statute of limitations allegations. (Docket Entry No. 26).

The plaintiffs filed a second amended complaint seeking a declaratory judgment that the statute of limitations barred the defendants from foreclosing on the property and that they were

1

entitled to judgment on their quiet-title claim.  The plaintiffs also added claims under the Truth in Lending Act ("TILA") and the Texas Debt Collection Act ("TDCA"), and asserted limitations as a defense to the defendants' efforts to foreclose.  (Docket Entry No. 30).  After converting the defendants' opposition into a motion for summary judgment and giving the plaintiffs time to respond, the court granted summary judgment in the defendants' favor on the plaintiffs' limitations defense to foreclosure, dismissed the plaintiffs' claim for declaratory relief based on the same limitations argument, and denied the plaintiffs' motion for reconsideration.  (Docket Entry No. 47).  The court did not rule on the plaintiffs' TILA and TDCA claims.

The plaintiffs voluntarily withdrew their TILA claim as time-barred but argued that Sovereign and Bank of America violated the TDCA when they threatened to foreclose on their property without showing that they were the "holders of the note."  (Docket Entry Nos. 30, ¶ 40; 48, ¶ 9).  The defendants moved for judgment on the pleadings on the TDCA claim, arguing that it failed as a matter of law.  (Docket Entry No. 50).  The court granted the motion and entered final judgment, reasoning that "[i]t is well established that the mortgagee of record or the mortgage servicer need not hold the Note to foreclose."  (Docket Entry No. 53, at 8 (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("The party to foreclose need not possess the note itself."))).  The plaintiffs now move for relief from that judgment, arguing that the court erred in concluding, based on *Martins*, that Sovereign Bank did not need to hold the note to threaten foreclosure.  (Docket Entry No. 55).

**II.     The Legal Standard**s

     **A.**     **Rule 59(e)**

The Federal Rules of Civil Procedure do not specifically provide for motions for new trial

when, as here, no trial has occurred.  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  Motions asking a court for a new trial under these circumstances are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).  *See id.*; *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748, n. 9 (5th Cir. 2006) (citing *Patin v. Allied Signal*, Inc., 77 F.3d 782, 785 n. 1 (5th Cir. 1996)); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir. 1986) ("'[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'") (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4–67 (1985)).

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

Relief is also appropriate when there has been an intervening change in the controlling law.  *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d

ed.1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B. The Texas Debt Collection Act

The Texas Debt Collection Act prohibits debt collectors from engaging in various practices, including threatening to take actions prohibited by law and making fraudulent, deceptive, or misleading representations. *See* TEX. FIN. CODE § 392.301(a)(4), (8); 392.304(a)(14), (19). For a statement to be a misrepresentation under the TDCA, a defendant must have made a false or misleading assertion. *Reynolds v. Sw. Bell Tel., L.P.*, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth June 29, 2006, pet. denied).

## III. Analysis

The Lopezes argue that the court made a manifest error of law in applying *Martins* to hold that under the TDCA, Sovereign Bank did not need to possess the note to foreclose or threaten to foreclose. They contend that *Martins*'s rejection of the "split-the-note" theory applies only "where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Martins*, 722 F.3d at 255. Although the Lopezes do not challenge the assignment to Sovereign Bank,[1] they assert that this Bank was not the mortgage servicer and was therefore required to show through summary judgment evidence that it possessed the note.

*Martins* discussed mortgage servicers' authority to foreclose without the note, but the party seeking to foreclose in that case was, in fact, a mortgage servicer. *See* 722 F.3d at 255. The court

---

[1] The court properly relied on the assignment and deed of trust at the pleading stage because the plaintiffs attached them to their second amended complaint. (Docket Entry No. 30-1, 30-10). *See Morlock, LLC v. JP Morgan Chase Bank, N.A.*, 587 F. App'x 86, 87 & n.3 (5th Cir. 2014) (per curiam) (it was proper to "consider the deed of trust [and] the assignment of the deed of trust . . . in deciding the motion to dismiss since they [were] relied upon by [the plaintiff] and [were] matters of public record").

did not limit its holding as the plaintiffs contend. To the contrary, the court stated that "[t]he party to foreclose need not possess the note itself." 722 F.3d at 255. Cases since *Martins* have made clear that mortgagees who are not loan servicers may foreclose without showing that they hold the note. In *Ericson v. Resurgent Capital Services, L.P.*, — F. App'x —, 2015 WL 4578398 (5th Cir. July 30, 2015) (per curiam), for example, the plaintiffs had obtained their home equity loan from JLM Direct Funding. MERS, as JLM's nominee, assigned the note and the deed of trust to Bank of America, which then "transferred the servicing of the loan to Resurgent Mortgage Servicing." *Id.* at *1. Bank of America subsequently sought to foreclose on the property due to the borrowers' default, even though it was no longer the mortgage servicer. The plaintiffs sued to prevent the foreclosure, and the district court granted summary judgment in Bank of America's favor. The argument on appeal was that "neither Bank of America nor Resurgent" had standing to foreclose because they did not hold the note. *Id.* at *2. Citing *Martins*, the Fifth Circuit rejected this argument because "the party to foreclose need not possess the note itself." *Id.* (quoting *Martins*, 722 F.3d at 255).[2]

For similar reasons, Sovereign had authority to foreclose in this case and its threats to foreclose therefore did not violate the TDCA. There was no manifest error in applying *Martins* to dismiss the plaintiffs' TDCA claim based on the defendants' authority to foreclose.

---

[2] Although *Ericson* was decided at summary judgment, the assignment to Sovereign in this case was properly considered as part of the pleadings because it was attached to the plaintiffs' complaint. *See Morlock, LLC v. JP Morgan Chase Bank, N.A.*, 587 F. App'x 86, 88 (5th Cir. 2014) (per curiam) (the plaintiff had "not stated a plausible quiet title claim" based on JP Morgan Chase Bank's authority to foreclose because "Chase, like the third party in *Martins*, could foreclose without holding the note, and MERS had the power to assign its rights in the deed of trust to Chase" (citing *Martins*, 722 F.3d at 255–56)); *see also Wiley v. Deutcsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 537 (5th Cir. 2013) (affirming Rule 12(b)(6) dismissal of plaintiffs' wrongful foreclosure claims because "the deed of trust unquestionably name[d] MERS as its beneficiary," "MERS transferred the deed of trust to Deutsche Bank and recorded that transfer," and the plaintiffs' "claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law"); (Docket Entry No. 30-1, 30-10).

## IV.     Conclusion

The plaintiffs' motion for a new trial, (Docket Entry No. 55), is denied.

SIGNED on August 27, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge